IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: MANLEY TOYS LIMITED,<br><br>    Debtor in a Foreign Proceeding.<br><br>------------------------------<br><br>ASI, INC.,<br><br>    Appellant,<br><br>    v.<br><br>FOREIGN LIQUIDATORS, et al.,<br><br>    Appellees. | Civ. Nos. 18-2836, 18-2838 (RMB)<br><br>**OPINION** |

APPEARANCES:

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
By: Richard B. Honig, Esq.
    Matthew E. Moloshok, Esq.
One Gateway Center
Newark, New Jersey 07102

    and

WEISBROD MATTEIS & COPLEY PLLC
By: Stephen A. Weisbrod, Esq.
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
        *Counsel for Appellant*

ARCHER & GREINER PC
By: Stephen M. Packman, Esq.
    Douglas G. Leney, Esq.
One Centennial Square
Haddonfield, New Jersey 08033

    and

GOODWIN PROCTOR LLP
By: Daniel M. Glosband, Esq.
100 Northern Avenue
Boston, Massachusetts 02210
        *Counsel for Appellees*

**BUMB**, UNITED STATES DISTRICT JUDGE:

On March 22, 2016, Manley Toys Limited ("the Debtor") commenced a creditors' voluntary liquidation in Hong Kong, pursuant to Hong Kong law. Mat Ng and John Robert Lees were appointed as liquidators ("the Liquidators"), and on the same day, the Liquidators filed a Chapter 15 case and motion in the United States Bankruptcy Court for the District of New Jersey. The Bankruptcy Court granted the motion, and recognized the Hong Kong liquidation as a "foreign main proceeding," 11 U.S.C. § 1502(4) ("the Recognition Decision"). Aviva appealed that decision to this Court, and this Court recently affirmed the Recognition Decision in its entirety. See In re Manley Toys Ltd., 597 B.R. 578 (D.N.J. 2019).[1]

Aviva presently appeals from the Bankruptcy Court's subsequent denial of relief from the provisional stay that the Bankruptcy Court imposed in connection with the Chapter 15 petition. Also before this Court is Aviva's application to "supplement the record on appeal." For the reasons stated

---

[1] Aviva has appealed this Court's decision to the Court of Appeals for the Third Circuit.

2

herein, the Court will remand the case for further proceedings consistent with this Opinion.

I. **FACTUAL BACKGROUND**

As the Court's opinion affirming the Bankruptcy Court's Recognition Decision should make apparent, this case is factually, legally and procedurally complex. Thus, the Court will not repeat the lengthy discussion of the facts set forth in the previous Opinion which is available at In re Manley Toys Ltd., 597 B.R. 578 (D.N.J. 2019).

Relevant to the instant appeal, on the same day that the Liquidators filed the Chapter 15 Petition with the Bankruptcy Court, the Liquidators moved for provisional relief, including a provisional stay pursuant to 11 U.S.C. §§ 362 and 1519(a).[2] Aviva opposed the motion. After holding a hearing on the matter, on

---

[2] In contrast to a Chapter 11 proceeding for example, a stay upon the filing of a Chapter 15 petition is not automatic. If a provisional stay is warranted, the Bankruptcy Court must enter an order imposing a stay during the time between the Chapter 15 petition and a decision whether to recognize the foreign proceeding. See In re Pro-Fit Holdings Ltd., 391 B.R. 850, 858 (Bankr. C.D. Cal. 2008) ("To authorize relief during the gap period between the time of filing a petition for recognition and the court ruling on recognition, § 1519(a) provides that 'the court may grant relief of a provisional nature,' at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors."); see also, In re Manley Toys Ltd., 2018 WL 1033426, at *3 (Bankr. D.N.J. Feb. 14, 2018) (citing Pro-Fit); In re Innua Canada Ltd., 2009 WL 1025088 at *2 (Bankr. D.N.J. Mar. 25, 2009) (citing Pro-Fit).

3

April 1, 2016, the Bankruptcy Court granted provisional relief in relevant part as follows:

> [p]ursuant to 11 U.S.C. §§ 362 and 1519(a)(1), all persons and entities are stayed, without limitation, from the commencement or continuation of any and all litigation by, against or with respect to the Debtor, including, but not limited to, the litigation identified in the Verified Petition (the "Litigation Claims") and any other actions, motions, discovery, trials and proceedings, and including the enforcement of any claims, causes of action, judgments, writs of execution, levies, garnishments or attempt of enforcement or relief against the Debtor, or against any property of the Debtor, in the United States and from any act to obtain possession of, exercise control over, transfer, dispose of or encumber property of the Debtor in the United States, including, but not limited to, the US Assets, or take any other actions with respect to assets of the Debtor, absent Court approval. For purposes of this Order, the term "US Assets" shall mean all of the Debtor's assets of any kind in the United States.

(Bankruptcy Docket 16-15374-JNP ("Bankr. Docket"), Docket No. 18)

On September 13, 2016, Aviva moved the Bankruptcy Court for relief from the Provisional Stay Order. (Bankr. Docket No. 144) The Bankruptcy Court held a hearing on September 27, 2016, and on October 25, 2016 entered an order in part granting and in part reserving decision on Aviva's motion. (Id. at Docket No. 159) Most relevantly to the instant appeal, in the Order, the Bankruptcy Court reserved decision on "whether Aviva may seek injunctive sanctions against Manley for violating the Minnesota Federal Court's post-judgment discovery orders or to compel compliance with such orders," and "whether the Liquidators are estopped from arguing that this Chapter 15 proceeding or the Hong

4

Kong 'liquidation' prohibit, limit or otherwise affect such alter ego claims."  (Bankr. Docket No. 159, p. 4 of 5)

As noted by the Bankruptcy Court, "[t]hereafter between October 2016 and May 2017, . . . several additional briefs [were filed] on the matter."  In re Manley Toys Ltd., 2018 WL 1071167 at *1 (Bankr. D.N.J. Feb. 23, 2018).[3]  As set forth in the Bankruptcy Court's opinion addressing the remainder of Aviva's Stay Relief Motion, the relief Aviva sought was multifaceted and broad.  The Bankruptcy Court ultimately granted in part and denied in part the remainder of Aviva's motion.  Id.

Aviva timely appealed the Bankruptcy Court's Stay Relief Order to this Court on February 28, 2018.  On March 12, 2019-- over a year after the appeal was filed-- Aviva sought relief from this Court to "supplement the record on appeal."  Specifically, Aviva has asked this Court to consider two exhibits: (1) a February 18, 2019 letter from Liquidator Matt Ng notifying

---

[3]  Those additional submissions included a 173-page "Supplemental Letter" (Bankr. Docket No. 189), a 64-page Declaration (Bankr. Docket No. 190), and a 77-page "Second Declaration" (Bankr. Docket No. 206), all filed by Aviva.
Also during this time period, several other motions were filed by Aviva and other parties, including a Motion to Compel Aviva's compliance with the provisional stay filed by Toy Quest Ltd.; a Motion to Compel Discovery from Toy Quest Ltd. filed by Toys R Us, Inc.; a Motion for Sanctions filed by Aviva; and a Motion to Compel Toy Quest Ltd. to Produce Documents and Answer Interrogatories filed by Aviva.  It would appear, based on the numerous docketed orders granting the various parties' applications to shorten time, that many of these applications were addressed by the Bankruptcy Court on an expedited schedule.

5

creditors, including Aviva, of a "Proposed Settlement" between the Debtor and Toy Quest Ltd.; and (2) Aviva's written objection to the Proposed Settlement, dated March 1, 2019.

In response to Aviva's application, this Court issued an Order to Show Cause "why this Court, sitting as an appellate court reviewing the Bankruptcy Court's decision, has jurisdiction to consider evidence that was not before the Bankruptcy Court when it rendered that decision." (District Court Docket 18-2836, Docket No. 35; District Court Docket 18-2838, Docket No. 33) Both Aviva and the Liquidators timely filed responses to this Court's Order, and the issue is now ripe for decision.

## II. LEGAL STANDARD

This Court has jurisdiction to hear appeals from the Bankruptcy Court's final orders pursuant to 28 U.S.C. § 158(a). The Bankruptcy Court's decision to deny stay relief is reviewed for abuse of discretion. <u>In re: Stone Res., Inc.</u>, 482 F. App'x 719, 722 (3d Cir. 2012).

## III. ANALYSIS

The Court first addresses Aviva's application to supplement the record and then addresses the merits of the appeal from the Bankruptcy Court's Stay Relief Order.

### A.

As stated by this Court in its Order to Show Cause, the issue is whether this Court may consider evidence that was not

6

before the Bankruptcy Court and, indeed, could not possibly have been before the Bankruptcy Court because such evidence did not come into existence until well after the Notice of Appeal was filed. Aviva asserts that this Court may take judicial notice "that the Liquidators proposed the settlement, that they admitted they lacked the funds to prosecute the claims, [and] that the potential defendants [to Aviva's proposed fraudulent transfer and alter ego claims] funded the professionals who negotiated all sides of the deal." (District Court Docket 18-2838, Docket No. 34, p. 4)[4]

The Liquidators disagree. While the Liquidators state that they would have no objection to the Court judicially noticing the *existence* of the letters, they assert that the Court cannot appropriately take judicial notice of the *substance* of those letters, as Aviva asks this Court to do. (District Court Docket 18-2838, Docket No. 35, p. 5-6)[5]

---

[4] Aviva additionally argues that this Court has "inherent authority to consider new facts or evidence" and that "the interests of justice [and] extraordinary circumstances" justify the Court doing so in this case. (District Court Docket 18-2838, Docket No. 34, p. 4) In light of the disposition of this appeal, the Court does not rule on this argument.

[5] The Court does not address the separate, but related evidentiary question of whether the evidence is admissible either as non-hearsay, or under an exception to the hearsay rule.

7

While the Liquidators are likely correct on this issue[6], the Court does not decide it.  Remanding to the originating court-- in this case the Bankruptcy Court-- is an available alternative to judicially noticing facts.  Cf. In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 98 (3d Cir. 1990) (declining to supplement the record on appeal and remanding the case to the district court "to give [Appellant] an opportunity to introduce into the record" the newspaper articles and wire service releases that were not a part of the district court record).

Given the nature of the evidence Aviva asks this Court to consider in this appeal, and additionally for the reasons set forth next, the Court concludes that a remand to the Bankruptcy Court is the most prudent and efficient disposition of this appeal under the circumstances.

**B.**

Aviva asserts that the Bankruptcy Court failed to consider two of its arguments in support of its motion for relief from the Bankruptcy Court's stay order.  Specifically, Aviva asserts that

---

[6] See Werner v. Werner, 267 F.3d 288, 295 (3d Cir. 2001) ("We will not judicially notice the truth of the contents of the meeting minutes. . . . Taking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice.  We will neither notice nor consider the substance of the Board minutes in adjudicating this appeal.  Judicially noticing the existence and the filing of the corporate minutes [however] is a different matter.").

8

the Bankruptcy Court failed to address its arguments that stay relief is warranted based on (a) Manley's and its Principals' alleged "outrageous bad faith" actions in the Minnesota Federal Action and (b) principals of judicial estoppel.

The Bankruptcy Court's order of October 25, 2016 partially granted stay relief but reserved decision on the issues raised in this appeal. Most relevantly, in the Order, the Court reserved decision on "whether Aviva may seek injunctive sanctions against Manley for violating the Minnesota Federal Court's post-judgment discovery orders or to compel compliance with such orders," and "whether the Liquidators are estopped from arguing that this Chapter 15 proceeding or the Hong Kong 'liquidation' prohibit, limit or otherwise affect such alter ego claims." (Bankr. Docket 16-15374, Docket No. 159, p. 4 of 5)

Aviva filed briefs in the Bankruptcy Court specifically discussing these and other issues (Bankr. Docket 16-15374, Docket No. 144-1, 152), and these and other issues were discussed with the Bankruptcy Court during oral argument on the Motion for Stay Relief (Id. Docket No. 157), yet the Bankruptcy Court's decision of February 23, 2018 does not appear to address the bad faith[7] nor

---

[7] On appeal, Aviva refers to Manley's and its Principals' asserted "bad faith" conduct. Before the Bankruptcy Court, Aviva referred to the same conduct as "morally culpable" conduct. (Bankr. Docket 16-15374, Docket No. 144-1, p. 9-10; Docket No. 152 p. 5-6)

9

the estoppel issues. Since the "cause" analysis must consider the totality of the circumstances[8], remand is appropriate to ensure that the Bankruptcy Court did, indeed, consider the totality of the circumstances and did not inadvertently overlook arguments Aviva raised, as Aviva contends here.[9]

**IV. CONCLUSION**

For the foregoing reasons, the Court will remand this case for: (a) further consideration of Aviva's application for stay relief, and (b) a decision as to whether the Bankruptcy Court's consideration in that regard will include the letters Aviva has sought to introduce into the record of this appeal. An appropriate Order shall issue on this date.

Dated: May 3, 2019                    s/ Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE

---

[8] The Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). "'Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.'" In re: Stone Res., Inc., 482 F. App'x 719, 722 (3d Cir. 2012) (quoting Baldino v. Wilson (In re: Wilson), 116 F.3d 87, 90 (3d Cir. 1997)).

[9] That this Court is unable to decide the stay relief issue-- which Aviva would clearly prefer to a remand-- is due, at least in part, to Aviva's "include everything and the kitchen sink" litigation strategy which is evident in the briefs it has filed in this Court and the Bankruptcy Court. When a litigant buries an already overburdened Bankruptcy Court with a mountain of papers and a litany of arguments, the possibility that the Bankruptcy Court might inadvertently overlook one or two of numerous arguments becomes, unfortunately, almost inevitable.